UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARMANDO HERNANDEZ FLORES,<br><br>Plaintiff,<br><br>v.<br><br>EVA AIRWAYS CORPORATION,<br>d/b/a EVA AIR CARGO; and WORLDWIDE<br>FLIGHT SERVICES, INC.,<br><br>Defendants. | Case No.: 1:22-cv-1693 |

## NOTICE OF REMOVAL

Defendant EVA Airways Corporation (hereinafter "EVA"), by and through its attorneys, Clyde & Co US LLP, respectfully files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. For the reasons set forth below, removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## INTRODUCTION

1. On March 1, 2022, plaintiff Armando Hernandez Flores (hereinafter "plaintiff") filed his Complaint at Law (hereinafter "Complaint") in the Circuit Court of Cook County, Illinois, in litigation styled as *Armando Hernandez Flores v. EVA Airways Corporation, et al.*, Case No. 2022L002020 (hereinafter "State Court Action"). *See* Declaration of Christian T. Johnson in Support of EVA's Notice of Removal (hereinafter "Johnson Decl."), ¶ 4, Ex. A.

2. On March 4, 2022, EVA was served with a copy of the summons and Complaint through its registered agent for service of process, CT Corporation. *See* Johnson Decl., ¶ 5, Ex. B.

3. In the Complaint, plaintiff alleges that, on or about October 18, 2021, he was employed as a truck driver and, while serving in that capacity, an unidentified amount and type of

cargo (hereinafter "Cargo") was loaded onto his truck by employee(s) of EVA and/or Worldwide Flight Services, Inc. (hereinafter "Worldwide") for transportation from Franklin Park, Illinois to Roselle, Illinois. *See* Johnson Decl., ¶ 4, Ex. A, at 2. According to plaintiff, while he was transporting the Cargo, the Cargo pallets that had been loaded into his truck shifted while he was making a left turn and, as a result, his truck overturned (hereinafter "Incident"). *Id.* ¶ 4, Ex. A, at 3. Plaintiff initiated the State Court Action to recover damages for injuries he allegedly sustained during the Incident. *Id.*

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 based upon the diversity of citizenship between the parties. Pursuant to 28 U.S.C. Section 1441(a), this case may be removed by EVA in that it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and a foreign country.

## DIVERSITY OF CITIZENSHIP

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this case is a civil action between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

6. "[U]nder § 1332(a)(3), complete diversity is required for domestic citizens, and 'additional parties'—meaning the involvement of aliens on either or both sides of an action—does not destroy diversity jurisdiction." *Zenith Elecs. Corp. v. Kimball Int'l Mfg., Inc.*, 114 F. Supp. 2d 764, 768 (N.D. Ill. 2000). For domestic citizens, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993). For the purposes of diversity

jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

7. Plaintiff is domiciled in Illinois. *Id.*, ¶¶ 7-8, Ex. D. Therefore, plaintiff is a citizen of Illinois for purposes of establishing diversity jurisdiction. *See Dausch*, 9 F.3d at 1245.

8. EVA is a foreign corporation organized and existing under the laws of Taiwan with its principal place of business located in Taoyuan City, Taiwan. *See* Johnson Decl., ¶ 9, Ex. E. Therefore, EVA is a citizen of Taiwan. *See* 28 U.S.C. § 1332(c)(1).

9. Worldwide is organized and existing under the laws of Delaware with its principal place of business located in New York. *See* Declaration of Matthew Weston L. Weston in Support of EVA's Notice of Removal (hereinafter "Weston Decl."), ¶¶ 4-5, Ex. A; *see also* Johnson Decl., ¶ 10, Ex. F. Therefore, Worldwide is a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(c)(1).

10. Because plaintiff and Worldwide are citizens of different states and EVA is a citizen of a foreign state, there exists complete diversity of citizenship under 28 U.S.C. § 1332(a)(3).

**THE AMOUNT IN CONTROVERSY**

11. The amount in controversy in this litigation, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

12. "In a case for money damages, where the amount defendant stands to lose is equal to the amount plaintiff stands to gain from judgment, the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of his or her case." *Chase v. Shop N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997). When a complaint does not state an amount in controversy, the amount in controversy can be established by a plaintiff's

admission through counsel that his or her claim exceeds the jurisdictional limit. *See, e.g., Jones v. Supervalu*, No. 08-3120, 2008 WL 4572502, at *2 (C.D. Ill. Oct. 14, 2008).

13. Here, by email correspondence dated March 11, 2022, plaintiff's counsel advised counsel for EVA the following:

> "As to the amount in controversy, please be advised that as a result of the incident Mr. Flores injured his left wrist and shoulder and surgery has been recommended for both his wrist and shoulder. Therefore, the amount in controversy is in excess of $75,000, exclusive of interest and costs."

*See* Johnson Decl., ¶ 8, Ex. D.

14. Accordingly, plaintiff has admitted through counsel that the amount in controversy in this litigation, exclusive of interest and costs, exceeds the $75,000 jurisdictional limit. *See* 28 U.S.C. § 1332(a); *see also Jones*, 2008 WL 4572502, at *2. Therefore, it is undisputed that the amount in controversy requirement has been met.

15. Because there is complete diversity if citizenship between the parties and the amount in controversy exceeds $75,000 (exclusive of interest and costs), this Court has original jurisdiction over this civil action and removal is proper. *See* 28 U.S.C. §§ 1332(a) & 1441(a).

## 28 U.S.C. § 1446 REQUIREMENTS

16. The deadline to remove a state court action to federal court is within thirty days after the receipt by a defendant of a complaint that provides a basis to remove or, if the initial complaint does not provide such a basis, thirty days from the date the defendant receives an amended pleading, motion, order, or other paper that does so provide. *See* 28 U.S.C. § 1446(b). EVA was served with process on March 4, 2022. *See* Johnson Decl., ¶ 5, Ex. B. This Notice of Removal was filed prior to April 1, 2022 and is, therefore, timely.

17. To remove an action to federal court, "all defendants who have been properly joined

and served" must consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). On March 25, 2022, Worldwide consented to having the State Court Action removed to this Court. *See* Weston Decl., ¶¶ 4-5, Ex. A.

18. Venue is proper in this district because the State Court Action was pending in this district and division.

19. Pursuant to 28 U.S.C. 1446(a), a "copy of all process, pleadings, and orders served upon [EVA]" in the State Court Action have been filed in connection with this Notice of Removal. *See* Johnson Decl., ¶¶ 4-6, Ex. A, B & C.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served on plaintiff's counsel and filed with the Clerk in the State Court Action.

WHEREFORE, EVA hereby removes the above-referenced action pending against it in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Dated: March 31, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　CLYDE & CO US LLP

　　　　　　　　　　　　　　　　　　By:　/s/ William C. Swallow
　　　　　　　　　　　　　　　　　　　　　William C. Swallow, Esq. #6293910
　　　　　　　　　　　　　　　　　　　　　CLYDE & CO US LLP
　　　　　　　　　　　　　　　　　　　　　55 West Monroe, Suite 3000
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　　T: (312) 635-7000
　　　　　　　　　　　　　　　　　　　　　F: (312) 635-6950
　　　　　　　　　　　　　　　　　　　　　E: bill.swallow@clydeco.us
　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant,*
　　　　　　　　　　　　　　　　　　　　　*EVA Airways Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 31, 2022, a copy of the foregoing was sent by electronic mail using the CM/ECF system, which will send notification of such filing to:

Florina Bandula
180 N. LaSalle St., Suite 3650
Chicago, Illinois 60601
P: (312) 229-5555
F: (312) 229-5556
Email: florinab@mdr-law.com

/s/ *William C. Swallow*
William C. Swallow, Esq. #6293910
CLYDE & CO US LLP
55 West Monroe, Suite 3000
Chicago, Illinois 60603
T: (312) 635-7000
F: (312) 635-6950
E: bill.swallow@clydeco.us
*Attorney for Defendant*
*EVA Airways Corporation*